**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**
**AT JACKSON**
**OCTOBER SESSION, 1998**

FILED

October 16, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

MARTIN THOMAS TERRELL,　　)
　　　　　　　　　　　　　　)
　　　　　Appellant　　　　　)
　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　)
　　　　　　　　　　　　　　)
STATE OF TENNESSEE,　　　　)
　　　　　　　　　　　　　　)
　　　　　Appellee　　　　　)

No. 02C01-9806-CC-00190

TIPTON COUNTY

Hon. Joseph H. Walker, Judge

(Post-Conviction)

For the Appellant:

**Martin Thomas Terrell**, *Pro Se*
Lauderdale County Correctional
Complex, Site 1, P. O. Box 1000
Henning, TN 38041-1000

For the Appellee:

**John Knox Walkup**
Attorney General and Reporter

**Clinton J. Morgan**
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243-0493

OPINION FILED: _____

AFFIRMED

**David G. Hayes**
Judge

## OPINION

The appellant, Martin Thomas Terrell, appeals the dismissal of his *pro se* petition for post-conviction relief by the Tipton County Circuit Court. The appellant was convicted by a jury of aggravated kidnapping, burglary, and reckless endangerment[1] with the resulting sentences of fifteen years, ten years, and six years respectively for each conviction. His conviction was affirmed on direct appeal to this court challenging prosecutorial misconduct and the sufficiency of the evidence only as it related to the offense of aggravated kidnapping. See State v. Terrell, No. 02C01-9701-CC-00001(Tenn. Crim. App. at Jackson, Aug. 15, 1997), perm. to appeal denied, (Tenn. Apr. 6, 1998). The appellant filed three *pro-se* petitions, without appointment of counsel, for post-conviction relief on May 4, June 1, and June 3, 1998, collaterally attacking each of his convictions in separate petitions.

Within these three petitions,[2] the appellant contends that his due process rights were violated because he was deprived of a direct appeal for the burglary and reckless endangerment convictions. Second, he avers "that the Trial Judge failed to comply with the entire Criminal Sentencing Reform Act of 1989", *inter alia*, by failing to identify and properly weigh enhancement and mitigating factors. Next, he

---

[1]The appellant's convictions stem from a single criminal episode which involved a breaking and entering of a Piggly Wiggly grocery store in Covington, Tennessee. With a sledgehammer, the appellant and a co-defendant ordered the store manager to open the safe. Responding to a call from a store employee and the alarm on the safe, the police apprehended the appellant, and he subsequently confessed to his criminal activity.

[2]We note the appellant raises additional issues within his brief not contained within his petition for post-conviction relief. He contests whether: 1) the trial judge was without authority under Tenn. Code Ann. § 40-30-205(b) to dismiss the petition since the judge presided at the trial in which the conviction occurred; 2) the trial court failed to comply with the requirements of Reed v. State, 581 S.W.2d 145 (Tenn. Crim. App. 1978), cert. denied, (Tenn. 1979). Issues not raised in a petition for post-conviction relief cannot be raised for the first time on appeal. See Pegues v. State, No. 02C01-9705-CR-00182 (Tenn. Crim. App. at Jackson, Apr. 6, 1998). Notwithstanding the appellant's misplaced reliance upon the law, these issues have been waived. See Tenn. Code Ann. § 40-30-210(f) (1997).

2

challenges the manner by which the State introduced evidence to support enhanced punishment.[3]  The post-conviction court summarily dismissed his petition.

We affirm the decision of the post-conviction court.

## ANALYSIS

Regarding the appellant's deprivation of direct appeal for both convictions of burglary and reckless endangerment, the post-conviction court found, "he [appellant] is in error as the matter was appealed to the Court of Criminal Appeals, and affirmed on appeal."  The record includes a copy of the appellant's direct appeal.  See Terrell, No. 02C01-9701-CC-00001 ("The defendant, Martin Thomas Terrell, appeals as of right a jury conviction of aggravated kidnapping, burglary, reckless endangerment with a deadly weapon, and driving on a revoked or suspended license.").  Within this challenge the appellant also contends "improper trickery tactics" were used by the trial judge and attorney general by failing to inform him of his Motion for a New Trial resulting in "prejudice to the judicial process."  Although the transcript of the trial proceedings is not included in the record, the order of the post-conviction court dismissing the appellant's petition recites, "a motion for new trial was filed and overruled."

At a post-conviction proceeding, the appellant bears the burden of establishing his allegations contained in the petition by clear and convincing evidence.  Tenn. Code Ann. § 40-30-210(f) (1997).  There is no proof in the record that remotely supports the appellant's claim that he was denied a direct appeal.

---

[3]In his petition, the appellant alleges, "[t]he State did not offer to prove these alleged prior convictions by introducing the minutes of the Court rather the State embarked on a protracted and confusing course seeking to establish its case by having a Federal Probation Officer Gerald Hunt to testify from information contained on or in a yellow jacket concerning some prior cases."

We note, however, the trial court's order dismissing the appellant's petition concludes otherwise finding that ". . . several witnesses testified. . . and [c]ertified copies of prior convictions were submitted and considered by the court, and admitted as exhibits."

Moreover, the evidence contained in the record does not preponderate against the trial court's judgment, and this court is bound by those findings on appeal. Davis v. State, 912 S.W.2d 689, 697 (Tenn. 1995). The appellant's assertion of denial of due process is without merit.

With reference to the appellant's second and third issues alleging sentencing errors, our law provides that "[t]here is no appellate review of the sentence in a post-conviction . . . proceeding." Tenn. Code Ann. § 40-35-401(a) (1997). Moreover, because the grounds alleged are procedural in nature, post-conviction relief is unavailable since the appellant has failed to challenge that the sentence is void or voidable based upon a right guaranteed by the Constitution of Tennessee or the Constitution of the United States. Tenn. Code Ann. § 40-30-203 (1997). The fact that the appellant labels the alleged sentencing error as a "Procedural Due Process violation" which has resulted in "prejudice to the judicial process" will not transform this procedural error into a constitutional infringement. These issues are without merit.

Based upon the foregoing, we affirm the post-conviction court's summary dismissal of the petition for post-conviction under the provisions of Tenn. Code Ann. § 40-30-206(f) (1997).

_____
DAVID G. HAYES, Judge

CONCUR:

4

_____
JOHN H. PEAY, Judge


_____
L. T. LAFFERTY, Senior Judge